## SANTIAGO, PLAINTIFF-APPELLEE-APPELLANT, *v.* ARES, DEFEND-ANT-APPELLANT-APPELLEE.

APPEAL from the District Court of San Juan, Section 2, in an Action of Debt and Non-fulfilment of Contract.

No. 1644.—Decided June 29, 1917.

LEASE—NON-PAYMENT OF RENT—RESCISSION—SOLIDARY SURETY—DAMAGES.—In this case a contract was entered into for the lease of an urban property for a term of two years at a fixed monthly rental with solidary security. In clause 3 of the contract it was agreed that if two monthly instalments of rent should become due and not be paid, this fact alone would be understood to rescind the contract and give the lessor a cause of action in unlawful detainer against the lessee; and in clause 11 it was stipulated that the solidary surety should be bound to respond for each and all of the obligations contracted by the lessee. *Held:* That the agreement set out in clause 3 does not imply that the solidary security should be limited to default in the payment of the rent for two months, for the rescission of the contract for failure to pay the rent for two months involves only the express recognition of the right which section 1459 of the Civil Code gives to the lessor and lessee; that the action to rescind the contract is a privilege which the lessor and lessee may exercise at their pleasure and it is optional with them to claim damages only, leaving the contract in force; that clause 11 is conceived in general terms and its effects cannot be limited by clause 3, which refers only to the lessor and lessee.

ID.—SOL'DARY SURETY—EXTINCTION OF DEBT—BANKRUPTCY.—When it does not appear that the debt for which a solidary surety is sued has been collected by the creditor in whole or in part, the claim which the creditor may have been able to make before the District Court of the United States for Porto Rico in bankruptcy proceedings against the principal debtor does not bar an action of debt by him against the solidary surety, and the burden is upon the latter to prove the total or partial extinction of the debt, as the case may be.

ID.—APPEAL—COSTS—ATTORNEY FEES—DISCRETION OF COURT.—An appeal having been taken from the judgment because it did not impose the costs and attorney fees upon the defendant, it was held that in view of all the circumstances of the case the court did not abuse the discretion given it by section 327 of Code of Civil Procedure, as amended by the Act of March 12, 1908, and therefore its finding would not be disturbed.

The facts are stated in the opinion.

*Mr. Carmelo Honoré* for the plaintiff.

*Mr. Rafael Martínez Alvarez* for the defendant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On November 18, 1914, José Pilar Santiago filed a com-

plaint in the District Court of San Juan, Section 2, against Joaquín Rodríguez Ema and Francisco Arés Fernández to recover $510, the unpaid rent of a house leased to the first-named defendant with the second as solidary surety. He also claimed legal interest up to date of payment, together with the costs, expenses and attorney fees.

On March 3, 1915, after both defendants had answered the said complaint, another supplementary complaint was filed, praying that the amount sued for be increased by $520 for further rent instalments due and unpaid.

On March 16, 1915, defendant Arés answered the supplementary complaint and on January 7, 1916, filed a supplementary answer praying for the dismissal of the complaint on the ground that the plaintiff had made an identical claim in the bankruptcy proceedings of Joaquín Rodríguez Ema in the District Court of the United States for Porto Rico. Thereupon the plaintiff amended his complaint to the effect that the action should be understood as brought exclusively against Francisco Arés Fernández, because the other debtor, Joaquín Rodríguez Ema, had been adjudged a bankrupt and was insolvent, and that any judgment rendered was to be against the former. only.

The case coming on for trial, the District Court of San Juan, Section 1, rendered judgment on July 26, 1916, sustaining the complaint and adjudging that defendant Francisco Arés Fernández pay $900 to the plaintiff, together with interest amounting to $91.93 and the costs of the suit.

Both the plaintiff and the defendant appealed to this court from the judgment, the latter against the judgment as a whole and the former because the court failed to adjudge that the defendant pay the expenses and attorney fees as prayed for in the complaint.

The defendant-appellant bases his appeal on the sole ground that he is under obligation to pay to the plaintiff only two monthly instalments, or $260, under the contract of lease in question.

The said contract was entered into in a public instrument executed on December 9, 1913, and refers to an urban property which José Pilar Santiago leased to Joaquín Rodríguez Ema for a term of two years, with option to renew, at a monthly rental of $130 payable within the first eight days after the monthly instalment became due. In clause 3 of the contract it is expressly stipulated ''that should two monthly instalments become due and be unpaid, the present contract shall be understood to be rescinded for that reason alone and the lessor may bring an action to evict the lessee.'' Clause 11 reads as follows: ''Francisco Arés hereby constitutes himself solidary surety of Joaquín Rodríguez and, as such, binds himself to answer for all and each of the obligations which the latter has contracted.''

The wording of clauses 3 and 11 transcribed herein plainly shows that defendant Francisco Arés became solidary surety for the payment of the rent instalments which the lessee might fail to pay. The stipulation in clause 3 does not imply that the solidary security should be limited to the failure of the payment of two monthly instalments, for the rescission of the contract for the sole reason of failure to pay two monthly instalments when due imports only the express acknowledgment of the right which section 1459 of the Civil Code confers upon the lessor and the lessee in providing that in case of failure to perform the obligations assumed by them they may sue for the rescission of the contract and for damages, or leave the contract in force and sue for damages only.

The action to rescind the contract is a right of which the lessor and lessee may avail themselves if they see fit, or they may freely elect to claim damages only and leave the contract in force. Clause 11 is worded in general terms and its effect cannot be restricted by the stipulations of clause 3 which refer only to the lessor and the lessee.

In support of his appeal the defendant-appellant also contends that as an action to recover said amount was pending

before the District Court of the United States for Porto
Rico in the bankruptcy proceedings of Joaquín Rodríguez
Ema and as the debt was not liquidated, the plaintiff cannot
recover twice for the same claim nor more than what is due
to him.

It appears from the record that on April 19, 1915, in the
bankruptcy proceedings in the matter of Joaquín Rodríguez
Ema before the District Court of the United States for Porto
Rico, José Pilar Santiago filed a claim for the sum of $563.33,
which amount the bankrupt owed him for the rent of a house
from November 1, 1914, to March 10, 1915, at $130 monthly,
and that on April 11, 1916, the referee made a schedule of
claims, including that of José Pilar Santiago for the said
amount, and declared a dividend of 9 per cent. It is not shown
that said dividend has been paid to the plaintiff.

José Pilar Santiago testifies that he withdrew his claim
from the District Court of the United States for Porto Rico
because it was not given preference, and his attorney in that
court also testified to the same effect, although over the
objection of the defendant that the best and only evidence
of the said withdrawal would be the certificate of the referee.
For the purposes of this case the contention that José Pilar
Santiago filed a claim in the District Court of the United
States for Porto Rico for the recovery of his debt in the
bankruptcy proceedings of Joaquín Rodríguez Ema, and the
objection made by the attorney of José Pilar Santiago to
the testimony, are immaterial, for section 1111 of the Civil
Code, which is applicable to solidary sureties according to
section 1723 of the same code, provides as follows:

"A creditor may sue any of the joint debtors or all of them si-
multaneously. The actions instituted against one shall not be an ob-
stacle for those that may be brought subsequently against the others,
as long as it does not appear that the debt has been collected in full."

It does not appear that José Pilar Santiago has collected
the debt now sued for by him, either in whole or in part,
from the solidary surety, Francisco Arés Fernández; there-

fore the claim filed in the District Court of the United States for Porto Rico does not estop him from bringing an action to recover against the solidary surety. The burden is upon the latter to prove the extinguishment of the debt in whole or in part and he has produced no evidence on that point. The only thing that could discharge the obligation is payment, and that has not been proved in the present case. *Quiñones* v. *Vivoni*, 20 P. R. R. 458, and *Cintrón & Aboy* v. *Solá*, 22 P. R. R. 245.

As to the plaintiff's appeal from the judgment of the District Court of San Juan in regard to the failure of the court to adjudge that the defendant pay the disbursements and attorney fees, we do not find, after considering all the circumstances of the case, that the said court abused the discretion vested in it by section 327 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, and, therefore, we do not feel inclined to disturb its holding.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.